IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE ESTATE OF RICHARD McNAMARA, III, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSE NAVAR AND RTR FARMING CORP.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### INTRODUCTION

This is a civil action seeking monetary damages against Defendants Jose Navar and RTR Farming Corporation for committing acts or omissions of negligence against Plaintiff resulting in the death of Richard McNamara, III (hereinafter referred to as "Decedent")

### JURISDICTION

1. Decedent was a citizen of the State of Indiana.

2. Defendant Jose Navar is a citizen of the State of Illinois.

3. Defendant RTR Farming Corporation is a for-profit corporation with its principle place of business located in the State of Illinois.

4. The matter in controversy occurred in the State of Indiana.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 and Plaintiff and Defendants are from different states.

## PARTIES

6. The Estate of Richard McNamara, III was opened for Decedent in Porter County, Indiana and Decedent was a citizen and resident of the City of Valparaiso, State of Indiana at all times relevant to this claim.

7. Defendant Jose Navar was a resident of the Town of Berkeley, State of Illinois at all times relevant to this claim.

8. Defendant RTR Farming Corporation was a for profit corporation with its principle place of business located in the City of Aurora, State of Illinois at all times relevant to this claim.

## CAUSE OF ACTION:
## WRONGFUL DEATH

9. Prior to April 9, 2018, Defendant Jose Navar was a semi-truck driver employed by Defendant RTR Farming Corporation and was acting within the scope and course of that employment relationship at all times relevant to this cause of action.

10. Pursuant to Federal Motor Carrier Safety Regulations, Defendant RTR Farming Corporation is vicariously liable for the negligent acts of Defendant Jose Navar.

11. On April 9, 2018, Decedent was driving a 2009 Chevrolet Express Van eastbound on Interstate 80 at or near mile-marker 71 in the City of South Bend, Indiana.

12. At that time and place, Defendant Jose Navar was the operator of a 2005 Peterbuilt semi-tractor trailer truck on eastbound Interstate 80 at or near mile-marker 71 near the City of South Bend, Indiana and was acting pursuant to his employment agreement with Defendant RTR Farming Corporation.

13. That Defendants owed the Decedent a duty of care in the operation of the semi-tractor trailer on April 9, 2018.

14. Defendant Navar proceeded to pull his semi-tractor trailer off the traveled portion of I-80 near mile-marker 72in violation of the laws of the State of Indiana.

15. After stopping his semi-tractor trailer for a non-emergency purpose, Defendant Navar proceeded to move his semi-tractor trailer from a stopped position and began to attempt to merge back into the traveled portion of I-80 into the outside lane.

16. While Defendant Navar was attempting to merge from the shoulder of I-80, Decedent was traveling in his vehicle near mile-marker 72 in the outside lane of I-80.

17. As Defendant Navar started to enter the outside lane of I-80, Decedent was traveling in the outside lane of I-80 and had the right of way.

18. At said time and place, Defendant Navar proceeded to drive in a negligent and reckless manner which includes, but is not limited to, the following:

    a. failing to maintain his vehicle so it would not come in contact with the Decedent;

    b. failing to keep proper and sufficient lookout for other vehicles on Interstate 80, prior to attempting to slowly merge into the Decedent's lane of travel;

    c.    failing to yield the right-of-way to the Decedent;

    d.    stopping on the toll road in violation of 135 IAC 2-2-8;

    e.    failing to safely merge from the shoulder onto the right travel lane of I-80;

    f.    operating his semi tractor-trailer on the shoulder of I-80 in a non-emergency situation in violation of 135 IAC 2-2-7; and/or

    g.    making an unsafe lane movement when it was not reasonably safe to do so in violation of I.C. §9-21-8-24.

19. Defendant RTR Farming, Inc. is liable for the negligent acts of its employee Defendant Navar on the date in question based upon *respondeat superior.*

20. That Decedent was killed as a direct and proximate result of a collision between the semi-tractor trailer truck being driven by Defendant Navar and Decedent's vehicle.

21. At the time of the Decedent's death, he was married to Vianne McNamara.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the Estate of Richard McNamara demands the following relief against the Defendants Jose Navar and RTR Farming Corporation as follows:

1. That pursuant to I.C. §34-23-1-1, the Estate is seeking damages for the wrongful act or omission of the Defendants in this case through its personal representative to recover damages that include, but are not limited to, the following: reasonable medical, hospital, funeral, burial expenses, lost earnings, attorney's fees and

costs of this action necessitated by the personal injury as well as the loss of the Decedent's love, care and companionship to his wife, Vianne McNamara.

2. Reasonable attorney fees, together with costs and expenses of litigation pursuant to 42 U.S.C. §1988; and

3. All other just and proper relief in the premises pursuant to Federal Rule of Civil Procedure 54(c).

### JURY DEMAND

Plaintiff demands trial by jury.

s/Mark J. Schocke
MARK J. SCHOCKE, #29746-45
Law Office of David Gladish, P.C.
3235 45th Street
Highland, IN 46322
(219) 838-1900
*Attorney for Plaintiff*

s/David S. Gladish
DAVID S. GLADISH, #18653-45
Law Office of David Gladish, P.C.
3235 45th Street
Highland, IN 46322
(219) 838-1900
*Attorney for Plaintiff*