UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF RICHARD McNAMARA, III, Deceased,            Plaintiff,      v.  JOSE NAVAR and RTR FARMING CORP.,            Defendants. | )<br>)<br>)<br>)<br>)  Case No. 2:19-cv-109<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider the Court's Order of April 22, 2020 [DE 31] Pursuant to F.R.C.P. 59(e) [DE 32] filed by the plaintiff, Estate of Richard McNamara, III, on May 5, 2020.  For the following reasons, the motion is **DENIED.**

*Background*

On April 22, 2020, this court issued an Order granting the Motion for Protective Order filed by the defendants.  The Order limited the scope of the questions at the deposition of the defendant, Jose Navar.  The defendants' motion and the plaintiff's response provided only a few examples of the challenged questioning.  In short, the Order provided that because Navar had not been designated as a trial expert under Federal Rule of Civil Procedure 26(a)(2), the plaintiff was not entitled to ask Navar hypothetical questions or otherwise seek opinion testimony.  The plaintiff now challenges that ruling.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." ***Hope v. United States***, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* ***Talano v.***

*Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001).  This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.").  In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).  Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

      The plaintiff contends that Navar has a commercial driver's license (CDL) and that

qualifies him as an expert witness.  In particular, the plaintiff argues, "[h]owever, the Federal Rules Advisory Committee Notes make clear this does not prohibit an employee who is an expert in the field from providing first-hand, percipient testimony."  (Emphasis added by plaintiff, page 3).  The Order is consistent with the committee comments.

Merriam-Webster Online defines "percipient" as "one that perceives."  Put another way, Navar can be questioned about his "first-hand, percipient" knowledge.  That is a factual inquiry.  This also includes what safety regulations were in effect at the time of the accident and whether he violated any of them.  Nothing in the Order precludes those questions.

The plaintiff also cites a prior ruling by this court in ***Passmore v. Barrett***, 2015 WL 2412709 (N.D. Ind. May 21, 2015).  In that case, the plaintiff's decedent worked at a truck stop and had repaired a flat tire on a tractor-trailer unit.  The defendant truck driver attempted to drive the truck out of the garage before the decedent had removed a chock from under a tire.  As the decedent attempted to remove the chock, he was crushed by the truck.  The plaintiff alleged that the driver had violated safety regulations by not walking around the truck before attempting to move it, by not checking his mirrors before moving the truck, and by driving with the cab door open.  The plaintiff was permitted to question the driver about those alleged violations.  Nothing in the Order precludes the plaintiff from asking Navar similar questions.

The Order does prohibit the plaintiff from asking hypothetical questions.  By definition, hypothetical questions are designed to elicit opinions, not "first-hand, percipient" facts.  The Order also precludes questions relating to the reasons behind certain regulations.  Again, those questions are not designed to obtain facts about how the accident occurred.

Nothing in the April 22, 2020 Order prevents the plaintiff from questioning Navar concerning his conduct leading up to and following the accident.  Therefore, the Motion to

Reconsider the Court's Order of April 22, 2020 [DE 31] Pursuant to F.R.C.P. 59(e) [DE 32] is **DENIED.**

    ENTERED this 7th day of May, 2020.

                                                    /s/ Andrew P. Rodovich
                                                    United States Magistrate Judge