UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE ESTATE OF RICHARD McNAMARA, III, Deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE NAVAR and )<br>RTR FARMING CORP., )<br>)<br>Defendants. ) | Case No. 2:19-cv-109 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Judgment on the Pleadings [DE 35] filed by the defendants, Jose Navar and RTR Farming Corp, on May 22, 2020, and the Motion for Leave to Name Real Party in Interest Pursuant to FRCP 17 [DE 40] filed by the plaintiff, The Estate of Richard McNamara, III, Deceased, on May 29, 2020.  It is hereby ordered that the Motion for Leave to Name Real Party in Interest Pursuant to FRCP 17 [DE 40] be **GRANTED** and the Motion for Judgment on the Pleadings [DE 35] be **DENIED.**

*Background*

On March 22, 2019, the complaint was filed in the name of The Estate of Richard McNamara, III, Deceased (Estate) against Jose Navar and RTR Farming Corp. for the alleged wrongful death of Richard McNamara, III.  Following the April 9, 2018 death of Richard McNamara, III, the Estate was opened in the Porter Superior Court, Porter County, Indiana naming the decedent's wife, Vianne McNamara, as personal representative. On May 22, 2020, the defendants filed a Motion for Judgement on the Pleadings [DE 25] arguing that a non-entity is prohibited from recovering under Indiana's General Wrongful Death Statute. Thereafter, on

May 29, 2020, the plaintiff filed its Motion [DE 40] for leave to name Vianne McNamara as the real party in interest pursuant to Federal Rule of Civil Procedure 17.

*Discussion*

Under Indiana's General Wrongful Death Statute, an action must be brought by, and in the name of, the personal representative of the decedent. **Indiana Code** 34-23-1-1; *see Goleski v. Fritz*, 768 N.E.2d 889, 890 (Ind. 2002) (finding that "case law has consistently interpreted the statute to mean that only a personal representative appointed within two years of the decedent's death may file the action").

**Federal Rule of Civil Procedure** 17(a)(1),(3) provides that "an action must be prosecuted in the name of the real party in interest," however, "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  The purpose of Rule 17 is "'to insure against forfeiture and injustice' in cases where 'an honest mistake has been made in choosing the party whose name the action is to be filed.'" **Federal Rule of Civil Procedure** 17 advisory committee's note (1966); *Intown Properties Management, Inc. v. Wheaton Van Lines, Inc*., 271 F.3d 164, 170 (4th Cir. 2001) (internal citations omitted); *see also Cosid, Inc., ex rel. La Fortune Ins. Co. v. Vessel Rolwi*, 1972 WL 327807, at *1 (7th Cir. 1972) (finding that "the very reasons why Rule 17(a) was promulgated in its present form … [is] to insure against forfeiture and injustice"). As a result, courts tend to be more "lenient" in granting a motion for leave to name the real party in interest when an honest mistake occurred.  **Federal Rule of Civil Procedure** 17 advisory committee's note (1966).

A Rule 17 "substitution of plaintiffs should be liberally allowed when the change is

merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." ***Advanced Mangetics, Inc., v. Bayfront Partners, Inc***., 106 F.3d 11, 20 (2nd Cir. 1997); *see also* ***Sowell v. Dominguez***, 2011 F.Supp.2d at *8 (internal citations omitted) (holding that the plaintiff's status as personal representative "is merely formal and in no way alters the known facts and issues on which this action is based"). However, courts are less inclined to allow for such changes if there is evidence of "bad faith" on the part of the plaintiff, or an "effort to deceive or prejudice the defendants." ***Metal Forming Technologies, Inc. v. Marsh & McLennan Co***., 224 F.R.D. 431, 436 (S.D. Ind. 2004) (internal citations omitted).

      The plaintiff concedes that Vianne McNamara should have been named as the plaintiff in the instant matter. Naming the Estate as the plaintiff was the result of an honest mistake. The plaintiff, however, argues that this "oversight" was not brought to its attention until May 22, 2020 when the defendants filed their Motion for Judgment on the Pleadings [DE 35]. Seven days later, on May 29, 2020, in response to the defendants' objection, the plaintiff requested leave to name Vianne McNamara as the real party in interest.

    The plaintiff contends that throughout the entire course of this litigation, Vianne McNamara has prosecuted the case, was the signatory of the discovery, and was the only point of contact with the Estate. Thus, the plaintiff suggests that by allowing the caption to be amended from "The Estate of Richard McNamara, III, Deceased" to "The Estate of Richard McNamara, III by Vianne McNamara, Personal Representative," no allegations in the complaint will change and Vianne McNamara will continue to act in the personal representative capacity.  Therefore, the defendants will not be prejudiced in any way.

    The defendants argue that the plaintiff's request to substitute Vianne McNamara as the real party in interest should be denied solely on the basis that it was filed four months after the

last date, January 31, 2020, to seek leave of court to join additional parties and to amend pleadings as laid out in the court's Rule 16 order. Therefore, the defendants believe that the plaintiff must first satisfy the "good cause" standard under **Federal Rule of Procedure** 16(b)(4) as to why it waited four months after the pleadings-amendment deadline ended to ask the court to substitute the real party in interest.

The defendants are mistaken in believing that Rule 16 governs the plaintiff's request to name Vianne McNamara as the real party in interest. Federal Rule of Civil Procedure 17 controls, and the facts demonstrate that the plaintiff corrected its failure to prosecute in the name of Vianne McNamara in a reasonable amount of time, seven days after the defendants filed their only formal objection.

Additionally, the defendants failed to show how they might be prejudiced by this change. Even so, there are no facts to establish that the defendants would be prejudiced by simply changing the name of the plaintiff from the Estate to Vianne McNamara.  In fact, the court finds that the defendants have displayed blatant gamesmanship.  The defendants deliberately waited until May 22, 2019 to formally object by way of its Motion for Judgement on the Pleadings [DE 35], which was less than two months after the statute of limitations expired.

For the foregoing reasons, the Motion for Leave to Name Real Party in Interest Pursuant to FRCP 17 [DE 40] is **GRANTED,** and the Motion for Judgement on the Pleadings [DE 35] is **DENIED**.

ENTERED this 21st day of October, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge